IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAMON RUTHERFORD, | § | |
| | § | |
| Defendant Below, | § | No. 653, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | Cr. ID Nos. 1312008135 and |
| STATE OF DELAWARE, | § | 1508013143 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 15, 2016
Decided: June 3, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 3rd day of June 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)  In February 2014, a New Castle County grand jury indicted Rutherford for Assault in the First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), Possession of a Firearm by a Person Prohibited ("PFBPP"), Offensive Touching, Harassment, Assault in the Third Degree, Terroristic Threatening, and Possession of Marijuana. Most of the charges arose from Rutherford's assaults on his ex-girlfriend, which included shooting her with a BB gun. Rutherford's bail conditions included no contact with the victim.

In March 2015, a New Castle County grand jury re-indicted Rutherford for Assault in the First Degree, PFDCF, PFBPP, Possession of a Deadly Weapon During the Commission of a Felony ("PDWCF"), Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP"), Offensive Touching, Harassment, Assault in the Third Degree, Terroristic Threatening, and Possession of Marijuana.

(2) On April 21, 2015, Rutherford pled guilty to Assault in the Second Degree as a lesser included offense of Assault in the First Degree and PDWDCF in exchange for dismissal of the other claims. The State agreed to cap its recommendation for non-suspended Level V time to five years. Sentencing was scheduled for July 24, 2015.

(3) Two weeks before sentencing Rutherford filed *pro se* motions to dismiss or replace his counsel and to withdraw his guilty plea. The motions were referred to Rutherford's counsel. At the July 24, 2015 sentencing hearing, Rutherford stated that he wanted a different attorney and to withdraw his guilty plea.

(4) Rutherford was informed that he could hire his own attorney, but would not be provided a different attorney at State expense. Sentencing was rescheduled for September so Rutherford could move to dismiss his counsel and to withdraw his guilty plea. The State indicated that Rutherford was facing new charges for contacting the victim in violation of the no-contact provision in his bail

2

conditions. Rutherford subsequently filed a motion to withdraw his guilty plea, which was referred to his counsel, and a motion to dismiss his counsel.

(5) On September 4, 2015, sentencing was deferred again until the Superior Court could conduct a colloquy with Rutherford regarding his waiver of counsel and then resolve his motion to withdraw his guilty plea. On September 24, 2015, the motion to dismiss counsel was withdrawn. In October 2015, Rutherford was charged by information with three counts of Breach of Bond Conditions. The charges arose from Rutherford contacting the victim in violation of the no-contact provision in his bail conditions.

(6) On November 6, 2015, Rutherford pled guilty to three counts of Breach of Bond Conditions in exchange for the State agreeing not to recommend any non-suspended Level V time. Rutherford was then sentenced for all of his crimes as follows: (i) for Assault in the Second Degree, three years of Level V incarceration with credit for thirteen days previously served, suspended after one year for decreasing levels of supervision; (ii) for PDWDCF, three years of Level V incarceration; and (iii) for each count of Breach of Bond Conditions, six months of Level V incarceration, suspended for six months of Level III probation. This is Rutherford's direct appeal.

(7) On appeal, Rutherford's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel

3

asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Counsel informed Rutherford of the provisions of Rule 26(c) and provided Rutherford with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Rutherford of his right to identify any points he wished this Court to consider on appeal. Rutherford has raised several issues for this Court's consideration. The State has responded to the issues raised by Rutherford and asked this Court to affirm the Superior Court's judgment.

(8)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(9)     Rutherford first argues that his guilty pleas were involuntary because the Superior Court did not timely address his grievances regarding Counsel and he only pled guilty because Counsel would not prepare for trial. These claims are contrary to the record.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

(10)    There is no indication in the record that Rutherford told the Superior Court that he was displeased with Counsel before his April 21, 2015 guilty plea.  In the Truth-In-Sentencing Guilty Plea form, Rutherford indicated that he had freely and voluntarily decided to plead guilty, no one had threatened or forced him to plead guilty, and he was satisfied with his counsel's representation.  During his April 21, 2015 guilty plea colloquy with the Superior Court, Rutherford stated that he understood the plea agreement, he understood he was waiving certain trial rights, and he was guilty of Assault in the Second Degree and PDWDCF.  Absent clear and convincing evidence to the contrary, which he has not identified, Rutherford is bound by these representations.[2]

(11)    Although Rutherford complained about Counsel to the Superior Court after the April 21, 2015 guilty plea and filed a motion to dismiss counsel, the motion to dismiss counsel was withdrawn on September 24, 2015.  Rutherford appeared with Counsel at his November 6, 2015 guilty plea and sentencing.  Rutherford again indicated in the Truth-In-Sentencing Guilty Plea form that he had freely and voluntarily decided to plead guilty, no one had threatened or forced him to plead guilty, and he was satisfied with his counsel's representation.  Rutherford also indicated during his guilty plea colloquy that he understood he was waiving certain trial rights and that he was guilty of Breach of Bond Conditions.  Having

---

[2] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

carefully reviewed the positions of the parties and the record, we conclude there is no merit to Rutherford's claims that his guilty pleas were involuntary.

(12) Rutherford next contends that Counsel was ineffective. This Court will not review claims of ineffective assistance of counsel for the first time on direct appeal.[3]

(13) Finally, Rutherford contends that the Superior Court illegally enhanced his sentence based on its unfounded opinion that the victim lived in fear. "Appellate review of a sentence is limited to whether the sentence is within the statutory limits prescribed by the General Assembly and whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[4] In this case, Rutherford pled guilty to five felonies carrying a maximum statutory penalty of forty-eight years of Level V incarceration. Rutherford was sentenced to a total of seven years and six months of Level V incarceration, suspended after four years, less than the five years of non-suspended Level V time requested by the State. This sentence does not exceed the statutory limits.

(14) To the extent Rutherford argues that his sentence violates the guidelines in the Delaware Sentencing Accountability Commission Benchbook ("SENTAC Guidelines"), "a defendant has no legal or constitutional right to

---

[3] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[4] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

appeal a statutorily authorized sentence simply because it does not conform" to SENTAC Guidelines.[5]  In asking for five years of non-suspended Level V time, the State argued that Rutherford showed no remorse for his actions, engaged in domestic violence, unduly depreciated his offenses, failed to comply with multiple court orders, had a prior history of violent criminal conduct, and was not amenable to supervision in the community.  Rutherford acknowledged that he and the victim had an abusive and toxic relationship.  The sentencing order lists vulnerability of the victim, undue depreciation of the offense, lack of remorse, and need for correctional treatment as aggravating factors.  Nothing in the records suggests that the Superior Court enhanced Rutherford's sentence on the basis of false, impermissible, or unreliable information.

(15)   This Court has reviewed the record carefully and has concluded that the remainder of Rutherford's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Rutherford's counsel has made a conscientious effort to examine the record and the law and has properly determined that Rutherford could not raise a meritorious claim in this appeal.

---

[5] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice